UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PINGREE CONFLITTI,

    Plaintiff,

v.

    Case No. 11-10976

    Honorable Patrick J. Duggan

BAC HOME LOANS SERVICING LP,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pingree Conflitti ("Plaintiff") filed this suit to recover damages for violations of federal and state law in connection with the administration of a mortgage loan. The defendant is Bank of America, N.A. ("Defendant"), successor by merger to BAC Home Loans Servicing, L.P. Presently before the Court is Defendant's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56. The matter has been fully briefed, and the Court heard oral argument on June 21, 2012.

In response to Defendant's motion for summary judgment, Plaintiff has agreed to dismiss the following claims: breach of contract (Count II); violation of the Michigan Consumer Protection Act (Count III); intentional infliction of emotional distress (Count V); negligence (Counts VI and VII); "defamation by libel" (Count VIII); and "negligence - malicious statutory libel" (Count IX). *See* Pl.'s Resp. Br. 20. Plaintiff agreed to dismiss these claims without prejudice, except for the Michigan Consumer Protection Act claim,

which he has agreed to dismiss with prejudice. The Court accordingly dismisses these claims.

Plaintiff's remaining claims are brought pursuant to the Real Estate Settlement Procedures Act ("RESPA") (Count I), the Fair Credit Reporting Act (Count IV), and the Equal Credit Opportunity Act (Count X). The RESPA claim alleges that Defendant: (1) failed to adequately respond to Plaintiff's qualified written request; and (2) continued to report negative information to credit bureaus while Plaintiff's qualified written request was pending, resulting in Plaintiff paying higher insurance premiums. In his Fair Credit Reporting Act claim, Plaintiff asserts that Defendant provided inaccurate information to credit bureaus in response to his request for reinvestigation. The Equal Credit Opportunity Act claim alleges that Defendant failed to provide a timely response to an application for a loan modification.

The Court has considered the parties' arguments, and is not persuaded that Defendant's motion should be granted at this time with respect to Plaintiff's remaining claims. The Court believes that material questions of fact preclude summary judgment. If, at the close of Plaintiff's proofs, Defendant does not believe that Plaintiff has presented sufficient evidence to allow the case to continue, the Court is confident that Defendant will make the appropriate motion.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment is **GRANTED** with respect to the claims of breach of contract (Count II), violation of the Michigan Consumer Protection Act (Count III), intentional infliction of emotional distress (Count

V), negligence (Counts VI and VII), "defamation by libel" (Count VIII), and "negligence - malicious statutory libel" (Count IX). Defendant's motion is **DENIED** with respect to the claims of violations of the Real Estate Settlement Procedures Act (Count I), the Fair Credit Reporting Act (Count IV), and the Equal Credit Opportunity Act (Count X).

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Date: August 6, 2012
Copies to:

Adam G. Taub, Esq.
Brian A. Nettleingham, Esq.
Dawn T. Yeaton, Esq.
Jayson M. Macyda, Esq.
Martin S. Frenkel, Esq.